**Yazmin CISNEROS–OLVERA,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 02–73498.
Agency No. A79–521–765.

United States Court of Appeals,
Ninth Circuit.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Dec. 8, 2003.*

Decided Dec. 18, 2003.

Yazmin Cisneros–Olvera, pro se, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Luis E. Perez, Esq., David M. McConnell, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM **

Yazmin Cisneros–Olvera, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal from an Immigration Judge's denial of her application for cancellation of removal. We have jurisdiction to review purely legal determinations, *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir.2002), and we review de novo, *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). We dismiss in part, and deny in part.

We lack jurisdiction to review the contention that removal proceedings were improperly initiated against Cisneros–Olvera.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 598–99 (9th Cir.2002).

Cisneros–Olvera contends that being put into removal proceedings rather than deportation proceedings violated her right to equal protection by depriving her of the opportunity to apply for suspension of deportation. This contention is foreclosed by *Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161, 1163 (9th Cir.2002).

PETITION FOR REVIEW DISMISSED IN PART, DENIED IN PART.